IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JULIUS GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV537 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| EAGLE PARTS & PRODUCTS and | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Objections to Defendant's Request for Trial in Lincoln, Nebraska (Filing No. 4) and the defendant Home Depot's response (Filing No. 10). The plaintiff seeks assignment of this matter for trial in North Platte, Nebraska. The defendant Home Depot U.S.A., Inc. (Home Depot) requests trial in Lincoln, Nebraska. The defendant Eagle Parts & Products, Inc. (Eagle) did not participate in briefing regarding the place of trial and did not specify a preference for place of trial in its answer (Filing No. 8).

## BACKGROUND

According to the allegations in the complaint, the plaintiff was injured while using a motorized scooter manufactured by Eagle and provided by Home Depot during a visit to a Home Depot store in Scottfbluff, Nebraska. **See** Filing No. 1. In the complaint, the plaintiff alleges negligence claims against Eagle and Home Depot and claim for strict liability against Eagle. *Id.* On August 8, 2006, Home Depot removed the action, which had initially been filed in the District Court of Scotts Bluff County, Nebraska. On the same date, the defendant made a written request for place of trial to be Lincoln, Nebraska. **See** Filing No. 3. However, before the notice of place of trial was filed, the case was calendared for trial in Omaha "in the city where the clerk's office receiving the case for filing is located." **See** NECivR 40.1(c). On August 9, 2006, the plaintiff filed a response to Home Depot's designation of trial in Lincoln. **See** Filing No. 4. The plaintiff included an index of evidence

in support of the response.  **See** Filing Nos. 5-6.  In reply, Home Depot filed a brief with an affidavit attached.  **See** Filing No. 10.

## ANALYSIS

The relevant local rule, NECivR 40.1(b) provides:

> The plaintiff at the time of filing a complaint in a civil action or the removing party at the time of filing a petition for removal shall make written request for trial of the case at Omaha, Lincoln, or North Platte.  Each defendant or third-party defendant at the time of filing that defendant's first pleading in a civil action, or the plaintiff in a removed action within ten (10) days after service of the notice of removal, may file a written Nebraska Civil Rules request for trial at Omaha, Lincoln, or North Platte.  If the request is for a place different from that requested by the plaintiff, third-party plaintiff, or removing party, it must be accompanied by a supporting affidavit.

In deciding the place of trial "the judge shall give consideration to the convenience of litigants, witnesses and counsel."  NECivR 40.1(b)(2).  Such consideration involves weighing the interests similar to that performed by a court in consideration of a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which provides for transfers from one district to another or from one division within a district to another.  **See** 28 U.S.C. § 1404(a).  Section 1404(a) provides that the convenience of the parties and of witnesses, as well as the interest of justice, must be considered in transferring a case to another district.  ***Id.***  Under section 1404(a), the convenience of litigants and witnesses are generally considered to be the most critical factors, while the convenience of counsel, though a factor to be considered, is seldom of controlling weight.  ***Standard Office Sys. v. Ricoh Corp.***, 742 F. Supp. 534, 537 (W.D. Ark. 1990).  The court's local rules contain no provision similar to the provision contained in section 1404(a) regarding consideration of the "interest of justice."  **Compare** 28 U.S.C. § 1404(a) (requiring courts to consider convenience of witnesses and parties along with the "interest of justice"), **with** NECivR 40.1(b)(2) (instructing judges to consider the convenience of the parties, witnesses, and counsel).

The party seeking to change the place of trial within this district bears the burden of establishing that the transfer should be granted.  **See** NECivR 40.1(b); **compare** ***Terra***

***Int'l, Inc. v. Mississippi Chem. Corp.***, 119 F.3d 688, 695 (8th Cir. 1997) (movant bears burden under section 1404(a)).  The filer's choice of forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interests weighs in favor of the movant.  ***BASF Corp. v. Symington***, 50 F.3d 555, 557 (8th Cir. 1994); ***Gen. Comm. of Adjustment v. Burlington N.R.R.***, 895 F. Supp. 249, 252 (E.D. Mo. 1995).   A transfer should not be granted if the effect is to merely shift the inconvenience from one party to the other.  ***Nelson***, 747 F. Supp. at 535 (**citing *Van Dusen v. Barrack***, 376 U.S. 612, 646 (1964)); ***General Comm.***, 895 F. Supp. at 252; **see also *Ferens v. John Deere Co.***, 494 U.S. 516, 522-23 (1990).

The plaintiff is a resident of Bayard, Morrill County, Nebraska.  **See** Filing No. 1 - Complaint ¶ 1.  Eagle is a Georgia corporation. ***Id.***  Home Depot is a Delaware corporation, with headquarters in Atlanta, Georgia.  **See** Filing No. 10 ¶ 4.  Many of the principal witnesses, including employees of Home Depot and care providers, are located in Morrill County and Box Butte County, Nebraska.  **See** Filing No. 5 ¶ 3.  Home Depot contends it will likely have to secure one or more expert witnesses from outside this state, who would have to fly into Omaha or Lincoln and then drive to North Platte.  **See** Filing No. 10 ¶ 3.  Counsel for the plaintiff and Eagle is located in Scottsbluff, Nebraska.  Counsel for Home Depot is located in Omaha, Nebraska.  Morrill County, Box Butte County and Scottsbluff are located west of North Platte, Nebraska, nearer to it than to Lincoln, Nebraska.

Home Depot argues the medical provider testimony will likely be provided by recorded testimony, rather than live.  Further, Home Depot contends its medical experts will likely reside in Omaha or Lincoln, Nebraska.  Home Depot contends trial in Lincoln would avoid unnecessary and significant travel costs by the defendants' representatives, witnesses and experts.  Finally, Home Depot argues trial will likely occur sooner in time, if scheduled for trial in Lincoln, Nebraska.

The convenience of the parties and witnesses, on the basis of the affidavits before the court, appears to favor North Platte.  The relative convenience of trial in North Platte outweighs the convenience to the defendants and their counsel of having trial in Lincoln. After reviewing the materials submitted by the parties at this time, the court finds that, upon consideration of all factors pursuant to NECivR 40.1(b)(2), the place of trial should be North

Platte, Nebraska. Further, because the request lacks legal foundation, the plaintiff's request for attorney fees associated with the instant dispute is denied. Upon consideration,

**IT IS ORDERED:**

1. Home Depot's request for trial in Lincoln, Nebraska (Filing No. 3) is denied.

2. The plaintiff's request for trial in North Platte, Nebraska (Filing No. 4) is granted.

DATED this 7th day of September, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge