IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JULIUS GONZALEZ,** | ) | |
| | ) | |
| Plaintiff, | ) | **8:06CV537** |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **EAGLE PARTS & PRODUCTS and** | ) | |
| **HOME DEPOT U.S.A., INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on the defendant Home Depot U.S.A., Inc.'s (Home Depot) Motion for Entry of Confidentiality and Protective Order (Filing No. 21). Home Depot filed an index of evidence (Filing No. 22), including a draft protective order, in support of the motion. The plaintiff filed a brief (Filing No. 24) in opposition to the motion. In response, Home Depot filed a reply brief (Filing No. 27). Finally, the plaintiff filed a Motion for Leave to Submit Supplemental Evidence Index in Opposition to Defendant's Motion for Protective Order (Filing No. 34), with the proposed evidence index (Filing No. 35). Home Depot did not file any opposition to the plaintiff's motion. Eagle Parts & Products, Inc. (Eagle Parts) did not participate in the briefing of either motion. Home Depot states the parties have been unable to reach an agreement for a protective order.

## BACKGROUND

    According to the allegations in the complaint, the plaintiff was injured while using a motorized scooter manufactured by Eagle Parts and provided by Home Depot during a visit to a Home Depot store in Scottsbluff, Nebraska. **See** Filing No. 1. In the complaint, the plaintiff alleges negligence claims against Eagle Parts and Home Depot and a claim for strict liability against Eagle Parts. *Id.*

    Home Depot seeks entry of a Confidentiality and Protective Order in response to discovery requests made by the plaintiff and in anticipation of future discovery requiring the dissemination of information of a sensitive nature about Home Depot, or of another person for whom Home Depot is under a duty to maintain a confidence. Home Depot included in its index of evidence the discovery requests served by the plaintiff. Specifically, Home

Depot states the plaintiff seeks information and documents of a sensitive nature including the personnel file on one of its employees, documents related to incidents involving motorized scooters at other Home Depot locations, which include information of a confidential nature, and a "Maintenance Contractor Agreement" entered into by Home Depot and Eagle Parts. Further, Home Depot anticipates testimony during depositions of a proprietary and sensitive nature sought by competitors such as the relationship between defendants, product specific information, training information and other confidential commercial information. Home Depot does not seek to prevent the discovery of any information or documents at this time.

Generally, the plaintiff contends that Home Depot has failed to meets its burden of showing good cause for the Confidentiality and Protective Order. However, the plaintiff does not argue that any particular document or category of document should be exempt from a protective order. Further, the plaintiff does not suggest any specific alterations to the Confidentiality and Protective Order submitted by Home Depot. The plaintiff's supplemental evidence index contains three February 24, 2003 articles from the Atlanta Business Chronicle discussing the practice of Home Depot to seek confidentiality agreements during litigation unrelated to this case.

## ANALYSIS

An order protecting disclosure or discovery is granted only upon a showing of good cause. **See** Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. ***Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2***, 197 F.3d 922, 926 (8th Cir. 1999). In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." ***Gulf Oil Co. v. Bernard***, 452 U.S. 89, 102 n.16 (1981) (**quoting** 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035, p. 265 (1970)); ***Miscellaneous Docket Matter***, 197 F.3d at 926. Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted. **See *Frideres v. Schiltz***, 150 F.R.D. 153, 156 (S.D. Iowa 1993). The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue

burden or expense." Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." ***General Dynamics Corp. v. Selb Mfg. Co.***, 481 F.2d 1204, 1212 (8th Cir. 1973) (**citing *United States v. Kordel***, 397 U.S. 1, 4-5 (1970)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." ***Seattle Times Co. v. Rhinehart***, 467 U.S. 20, 36 (1984); ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 362 (8th Cir. 2003).

Home Depot has met its burden of showing good cause for entry of a protective order in this case. Home Depot shows the plaintiff seeks information and documents of a confidential and sensitive or commercial nature. Additionally, based on the plaintiff's claims it is likely additional confidential, proprietary and commercially sensitive information will be sought.

The plaintiff conveys the general concern that Home Depot is continuing a pattern of attempting to keep accident information out of the public domain. However, the plaintiff makes no showing that any of the subject information in this case is not confidential, sensitive, proprietary or confidential commercial information. Further, the plaintiff fails to show any hardship or specific prejudice if the Confidentiality and Protective Order is granted. Based on the relative concerns of the parties, the court finds a limited protective order is appropriate in this case. Upon consideration,

**IT IS ORDERED:**

1. Home Depot U.S.A., Inc.'s Motion for Entry of Confidentiality and Protective Order (Filing No. 21) is granted. The protective order submitted by Home Depot will be entered herewith.

2. The plaintiff's Motion for Leave to Submit Supplemental Evidence Index in Opposition to Defendant's Motion for Protective Order (Filing No. 34) is granted. The supplemental index of evidence is considered *instanter*.

DATED this 5th day of February, 2007.

BY THE COURT:

 s/Thomas D. Thalken<br>
United States Magistrate Judge