IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIUS GONZALEZ, | ) |
| | )       8:06CV537 |
|     Plaintiff, | ) |
| | )       REPORT |
| vs. | )       and |
| | )       RECOMMENDATION |
| EAGLE PARTS & PRODUCTS and | ) |
| HOME DEPOT U.S.A., INC., | ) |
| | ) |
|     Defendants. | ) |

This matter is before the court on the plaintiff's Motion for Remand to Scotts Bluff County District Court (Filing No. 32). The plaintiff filed an index of evidence (Filing No. 33) in support of the motion. Home Depot U.S.A., Inc. (Home Depot) filed a brief (Filing No. 36) and an index of evidence (Filing No. 37) in opposition to the motion. The plaintiff did not file a reply brief. Eagle Parts & Products, Inc. did not participate in the briefing of this motion. For the reasons set forth below, the court recommends the plaintiff's motion to remand be denied.[1]

---

[1] The court is entering a report and recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts") and *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970 at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517. **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge finds a report and recommendation is the most appropriate course of action in this matter.

**BACKGROUND**

According to the allegations in the complaint, the plaintiff was injured while using a motorized scooter manufactured by Eagle Parts and provided by Home Depot during a visit to a Home Depot store in Scottsbluff, Nebraska. **See** Filing No. 1. In the complaint, the plaintiff alleges negligence claims against Eagle Parts and Home Depot and a claim for strict liability against Eagle Parts. *Id.* The complaint states:

> As a proximate result of the negligence of Defendants as above-described, GONZALEZ was injured, to his damage in the following particulars:
> a. GONZALEZ' injuries required treatment from healthcare providers which caused him to incur medical expenses which currently exceed $33,500.00 and will continue to increase.
> b. GONZALEZ will require healthcare services which will cause him to incur expenses in the future.
> c. Disability both past and future.
> d. Pain and suffering both past and future, to include mental anguish.
> e. GONZALEZ' daughter, Mary Lou Martinez, has assigned to GONZALEZ her claim for the value of her time in providing round-the-clock home health services to GONZALEZ after he was released from the hospital.
>
> WHEREFORE, GONZALEZ prays for judgment against Defendants in an amount to be ascertained at trail for his special damages and for such general damages as are allowable by law, his expenses, and such other relief as is mete.

*Id.* ¶ 10.

Together with serving the complaint, the plaintiff made a formal offer of settlement for $68,000. **See** Filing No. 33, Exhibit B; **See** Filing No. 1.

This action was originally filed on June 29, 2006, in the District Court of Scotts Bluff County, Nebraska. **See** Filing No. 1. On August 8, 2006, Home Depot timely filed its Notice of Removal in the United States District Court for the District of Nebraska. *Id.* No party contested removal until the plaintiff filed the instant motion on December 29, 2006.

The plaintiff states the motion to remand is based on Home Depot's recent denial that the value of the plaintiff's damages exceed $75,000. In support of his motion, the plaintiff shows that on December 14, 2006, Home Depot served responses to the plaintiff's requests for admissions which denied "that if negligence against either Defendant were proven, the value of Julius Gonzalez' damages would exceed $75,000.00." **See** Filing No. 33, Exhibit C. However, to the request "Admit that if negligence were proven, the value of Julius Gonzalez' damages would not exceed $75,000.00," Home Depot responded, "Denied to the extent it is possible a jury may believe his damages exceed $75,000." **Id.**

## ANALYSIS

Because no federal question is presented, the court must determine whether diversity of the parties exists in order to confer federal jurisdiction. 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. **James Neff Kramper Family Farm P'ship v. IBP, Inc.**, 393 F.3d 828, 831 (8th Cir. 2005); **In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.**, 346 F.3d 830, 834 (8th Cir. 2003); **Crosby v. Aid Ass'n for Lutherans**, 199 F.R.D. 636, 638 (D. Minn. 2001) ("When no amount is specified in the complaint, the party opposing remand must prove the required amount by a preponderance of the evidence.").

Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party. **Shamrock Oil & Gas Corp. v. Sheets**, 313 U.S. 100, 107-09 (1941). A district court is required to resolve doubts concerning federal jurisdiction in favor of remand, strictly construing the removal statute. **Transit Cas. Co. v. Certain Underwriters at Lloyd's of**

*London*, 119 F.3d 619, 625 (8th Cir. 1997); **In re Bus. Men's Assurance Co. of Am.**, 992 F.2d 181, 183 (8th Cir. 1993).  Moreover, "diversity jurisdiction in removal cases [is] narrower than if the case were originally filed in federal court by the plaintiff."  **Hurt v. Dow Chem. Co.**, 963 F.2d 1142, 1145 (8th Cir. 1992) (referencing the 28 U.S.C. § 1441(b) limitation on defendants in the forum State).

Any case wherein a United States District Court has original jurisdiction can be removed.  A United States District Court has original jurisdiction over civil actions arising under the Constitution, law, or treaties of the United States.  **See** 28 U.S.C. § 1331.  Additionally, the United States District Court has original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between:

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

**See** 28 U.S.C. § 1332.  This type of subject matter jurisdiction is known as diversity jurisdiction.  The plaintiff need not bring the motion to remand based on lack of subject matter jurisdiction within thirty days of filing the notice of removal.  **See *Wisconsin Dep't of Corr. v. Schacht***, 524 U.S. 381, 389 (1998).  Under the removal statute: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

There is no question the parties are citizens of different States.  The parties dispute whether amount in controversy exceeds the $75,000 statutory requirement.  The plaintiff's complaint did not allege a specific amount of damages.  The plaintiff now asserts that the defendant Home Depot admits the damages are less than $75,000.

The determination about whether a federal court has removal jurisdiction is made on the basis of the record at the time of removal.  ***Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach***, 523 U.S. 26, 43 (1998) ("[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."); ***Keene Corp. v. United States***, 508 U.S. 200, 207-08 (1993) (noting "subject-matter

4

jurisdiction turns on the facts upon filing" in federal court); *James Neff*, 393 F.3d at 834 (the court judges "the legitimacy of the amount in controversy 'based on information known to the court at the time jurisdiction [is] challenged.'"). "A subsequent change, such as the plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount, does not defeat federal jurisdiction acquired through removal." *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969) (citations omitted). Therefore, "jurisdictional facts must be judged at the time of the removal, and any post petition affidavits are allowable only if relevant to that period of time." *Dyrda v. Wal-Mart Stores, Inc.*, 41 F. Supp. 2d 943, 948 (D. Minn. 1999) (**citing** *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1007 (W.D. Ark. 1996) (**quoting** *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995))). When a defendant satisfies the burden of proving by a preponderance of the evidence that the amount-in-controversy is greater than the jurisdictional amount, the plaintiff can still defeat removal by showing to a legal certainty that recovery cannot exceed the jurisdictional amount. **See** *Kopp*, 280 F.3d at 884-85. A plaintiff might meet that burden by citing a state law or a binding stipulation which limits the plaintiff's recovery of damages.

In this case, the face of the complaint does not state a specific amount of damages. The plaintiff shows however, that at the time of serving the complaint, he sought to settle the claims for less than $75,000. Such showing is not determinative because the settlement offer does not bind or limit the plaintiff's possible recovery. However, an affidavit showing the plaintiff did not seek more than $75,000 in the complaint might be determinative. This is so because even if the defendant may be liable for an amount in excess of $75,000, the plaintiff may avoid federal jurisdiction or thwart attempts at removal by claiming less than the jurisdictional amount in the complaint. **See** *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("only the sum actually demanded is in controversy"); **see also** *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997) (stating that "[i]n general, federal courts give

considerable deference to a plaintiff's choice of forum"). However, "conclusory allegations do not provide an adequate basis for determining this court's jurisdiction." ***Jil McCorkindale v. Am. Home Assurance Co./A.I.C.***, 909 F. Supp. 646, (N.D. Iowa 1995) (**citing *Allen***, 63 F.3d at 1335). Accordingly, the plaintiff's offer of settlement only provides some evidence of the amount in controversy at the time of filing the complaint.

      The only specific amount listed in the complaint is for $33,500.00 in past medical expenses. **See** Filing No. 1 ¶ 10. The plaintiff also seeks significant other damages. The complaint and notice of removal indicate the evidence in this case shows the plaintiff broke his hip as a result of his fall on September 10, 2005. **See** Filing No. 1 Complaint ¶ 3 and Notice of Removal ¶ 4; Filing No. 37, Exhibit 1 ¶ 2 - Keith Aff. Home Depot states that more details about the amount of medical expenses and home health care services cannot be provided because Home Depot has yet to receive all of the medical records and evidence of other expenses. Filing No. 37, Exhibit 1 ¶ 4 - Keith Aff. Home Depot contends that the amount of past medical expenses combined with home health care costs, disability, and pain and suffering establish the jurisdictional minimum. Home Depot argues the responses to requests for admission cannot be used to undermine jurisdiction where the language of the complaint reasonably supports a finding that the plaintiff seeks over $75,0000 in damages.

      The defendant may meet its burden "by sufficient proof that a plaintiff's verdict reasonably may exceed that amount. Likewise, this burden can be met if it is 'facially apparent that the claims are likely above [the jurisdictional minimum].'" ***Gilmer***, 915 F. Supp. at 1007 (**quoting *Allen***, 63 F.3d at 1335) (internal citation omitted); ***Quinn v. Kimble***, 228 F. Supp. 2d 1036, 1038 (E.D. Mo. 2002); **see *Land v. Dollar***, 330 U.S. 731, 735 & n.4 (1947) (when determining whether subject matter jurisdiction exists, federal courts may look outside the pleadings to other evidence in the record). Further, "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." ***James Neff***, 393 F.3d at 834 (**quoting *Kopp v. Kopp***, 280 F.3d 883, 885 (8th Cir. 2002)). The Eighth Circuit has stated: "As we see it, the federal court has jurisdiction here unless, as a matter of law, . . . the amount of damages that [the plaintiff] could recover is somehow fixed below the

jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." **Kopp**, 280 F.3d at 885 (diversity jurisdiction was satisfied, as award, including punitive damages and damages for emotional distress, could exceed $75,000, based on nature of claim).

The plaintiff seeks a minimum of $33,500 for medical expenses incurred as of June 2006, and any medical expenses incurred after that time. The plaintiff also seeks around-the-clock home health care expenses from the time the plaintiff left the hospital. In addition to these actual expenses, the plaintiff seeks amounts for disability and pain and suffering, to include mental anguish. Although the plaintiff sought an amount just short of the jurisdictional minimum in a settlement offer, the court finds that based on the nature of the plaintiff's claim, together with the prayer for damages and other evidence in the record, a fact finder might legally and reasonably conclude the plaintiff's damages exceed the jurisdictional minimum. **See, e.g., *Gebbia v. Wal-Mart Stores, Inc.***, 233 F.3d 880, 883 (5th Cir. 2000) (affirming denial of plaintiff's motion to remand as it was "facially apparent" that her claimed damages exceeded $75,000, i.e., her state court petition alleged that she sustained injuries to her wrist, knee, patella, and back, she alleged damages for medical expenses, pain and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement). Accordingly, the court finds the amount in controversy is sufficient to grant this court diversity jurisdiction.

Based on federal diversity statutes and the attending case law, jurisdiction appears proper in United States District Court. Therefore, the undersigned magistrate judge recommends the plaintiff's motion to remand be denied. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's Motion for Remand to Scotts Bluff County District Court (Filing No. 32) be denied.

### ADMONITION

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of

this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 9th day of February, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge